UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

FRANCISCO SERNA and AJHALEI
SNODDY,

        Case No. 1:23-cv-02579

    Plaintiffs,

        HONORABLE STEPHEN J. MURPHY, III

v.

ANNE TURNER, et al.,

    Defendants.
_____/

**ORDER GRANTING MOTIONS TO DISMISS [9, 10, 29]
AND DENYING MOTION FOR AN EXTENSION OF TIME TO SERVE [28]**

    Plaintiffs Francisco Serna and Ajhalei Snoddy, proceeding pro se, sued Defendants Anne Turner, the Federal Highway Administration (FHWA), Colorado State Judge Eric Bentley, Magistrate Judge for the District of Colorado Dominguez Braswell, and Chief Judge of the United States Tenth Circuit Court of Appeals Jerome A. Holmes. ECF 1. Plaintiffs requested various forms of monetary, injunctive, and declaratory relief against Defendants, who each played a role in a 2017 City of Colorado Springs eminent domain proceeding that involved Plaintiffs. *See id.* Defendants separately moved to dismiss the claims. ECF 9 (motion to dismiss by Defendant Turner); ECF 10 (motion to dismiss by Defendant Judge Bentley); ECF 29 (motion to dismiss by Defendants FHWA and Holmes). For the following reasons, the Court will grant the motions to dismiss.

1

## BACKGROUND

In 2017, the City of Colorado Springs began an eminent domain proceeding to acquire Plaintiffs' airstream trailer for a public works project. *See* ECF 1, PgID 2; *Serna v. City of Colorado Springs, et al.*, No. 23-cv-00728, 2024 WL 1714997, *1 (D. Co. Feb. 28, 2024). The Colorado State court granted the City immediate possession of Plaintiffs' property, held a valuation trial in 2023, and awarded Plaintiffs $103,203.75 as just compensation for the acquired property. *Id.*

The present suit is not the first federal case related to the 2017 eminent domain proceeding that Plaintiffs filed. It is the fourth. Plaintiffs sued other similar defendants once in the Western District of Texas and twice in the District of Colorado. *See Serna v. City of Colo. Springs*, No. A-21-cv-00939, 2022 WL 1558516 (W.D. Tex. May 17, 2022); *Serna v. Board of County Commissioners of the County of El Paso, et al.*, No. 22-cv-02998, 2024 WL 1715014 (D. Co. Feb. 28, 2024); *Serna*, 2024 WL 1714997. Plaintiffs also improperly attempted to remove the state court action to federal court and the federal court remanded it. *City of Colorado Springs v. Serna*, No. 21-cv-03444, 2022 WL 18456146 (D. Co. June 13, 2022). In each case, Plaintiffs alleged violations of the Uniform Relocation Assistance Act and Real Property Acquisition Policies Act of 1970 (URA) as well as constitutional violations connected to the 2017 eminent domain proceeding. The Texas court dismissed the case for a lack of subject matter jurisdiction over the URA claims and because sovereign immunity applied to the claims against the federal agencies. *Serna*, 2022 WL 1558516, at *8 (W.D. Tex. May 17, 2022). The Colorado court dismissed the cases based on *Younger*

abstention and for lack of subject matter jurisdiction over the URA claims. *Serna*, WL 1715014, at *1; *Serna*, 2024 WL 1714997, at *1.

In the current matter, Plaintiffs alleged claims similar to those raised in the prior cases. The main difference is that Plaintiffs here alleged claims against different Defendants than before. First, Plaintiffs alleged that Defendants Judge Braswell and Judge Holmes violated Plaintiffs' due process rights when they applied outdated rules of civil procedure in the prior cases. ECF 1, PgID 3–4. Next, Plaintiffs alleged that Defendant Judge Bentley was biased against them during the Colorado State court condemnation action. *Id.* at 5–6. Plaintiffs claimed that Defendant Turner violated their constitutional right to just compensation by making inappropriate comments during her closing argument in the State condemnation action and violated their rights under the URA. *Id.* at 6–7. And, last, Plaintiffs alleged that the FHWA violated the URA and violated their constitutional rights to just compensation and due process. *Id.* at 8.

## LEGAL STANDARD

Rule 12(b)(1) provides that a party may move to dismiss a case for "lack of subject-matter jurisdiction." A dismissal under 12(b)(1) is not a judgment on the merits of a plaintiff's case; rather, it is a determination that a court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations in the complaint. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that

3

jurisdiction is lacking[,]" *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quotation omitted), and the dismissal is generally without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Challenges to subject matter jurisdiction take two forms—a facial attack or a factual attack—each with a distinct analytical framework. *U.S. v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). A facial challenge focuses on the sufficiency of the allegations in the complaint. *Id.* In resolving a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.* By contrast, a factual challenge allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter depends." *Id.* (quotation omitted). When it addresses a factual challenge to subject matter jurisdiction, "the [C]ourt does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citation and quotations omitted); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion"). The burden of establishing subject matter jurisdiction lies with the party asserting it. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

When it decides these motions, the Court may consider documents incorporated by reference, documents referred to in the complaint that are central to

4

the claims, and documents subject to judicial notice—including public records from state court proceedings. *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017); *see also Makeen v. Colo.*, No. 14-cv-3452, 2016 WL 8470186, at *5 n.6 (D. Colo. Sept. 16, 2016) (taking judicial notice of ongoing state court proceedings).

## DISCUSSION

Defendants presented many bases for dismissing the claims under Rules 12(b)(1) and 12(b)(6).[1] The Court will only address the arguments for dismissal under 12(b)(1) because the Court must assess whether it has jurisdiction before adjudicating the merits of any claim. And for the reasons explained below, the Court does not have jurisdiction. The Court will accordingly dismiss the claims without reaching the merits under 12(b)(6).

I. <u>Abstention</u>

Defendant Turner argued that the Court should dismiss Plaintiffs' constitutional claims for a lack of subject matter jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). ECF 9, PgID 3. "*Younger* abstention dictates that federal courts

---

[1] Plaintiffs argued in response to Defendant Turner's Motion to Dismiss that Defendant Turner's motion was untimely. Plaintiffs served the complaint on October 11, 2023. ECF 14, PgID 2. Federal Rule of Civil Procedure 12 required Defendant to respond to the complaint within twenty-one days. Defendant Turner timely and properly electronically filed and mailed a paper copy of the motion on November 1, 2023. ECF 19, PgID 2. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper [is] served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999) ("Service by mail is accomplished, for purposes of Rule 5, when documents are placed in the hands of the United States Post Office or in a Post Office Box.") (citations omitted). It does not matter that the post office did not postmark the envelope until days later. Defendant Turner's mailing on November 1, 2023 constituted timely service.

5

not interfere with [S]tate court proceedings by granting equitable relief—such as injunctions of important [S]tate proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the [S]tate court." *Amanatullah v. Colorado Bd. Of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation marks and quotation omitted); *see Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate "when (1) there is an ongoing [S]tate criminal, civil, or administrative proceeding, (2) the [S]tate court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the [S]tate proceedings involve important [S]tate interests, matters which traditionally look to [S]tate law for their resolution or implicate separately articulated [S]tate policies." *Id.* (citation omitted). "*Younger* abstention is not discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.*

Here, all three *Younger* factors weigh in favor of abstention. First, Plaintiffs appealed the State court's condemnation action to the Colorado Court of Appeals in October 2023. ECF 9-9. The appeal is ongoing, and this Court's resolution of the claims would interfere with the State court's proper adjudication of them. Second, Plaintiffs have an opportunity to present federal constitutional challenges in State court. Indeed, Plaintiffs raised issues involving the legality of the eminent domain action and due process concerns in their State appeal. *See id.* Third, Colorado's eminent domain proceedings fundamentally invoke the State's interests in the application of its rules of procedure and in its property rights. Additionally, two

6

Defendants in this action are State officials—Defendants Turner and Bentley. Claims against their practices while they acted as State officials also implicate State policies. The Court will therefore abstain from hearing Plaintiffs' constitutional claims during pendency of the State court's proceedings.

And the Court will caution Plaintiffs against filing another suit related to the eminent domain proceedings before the pending State court proceedings are resolved. This is the third case that Plaintiffs filed that will be dismissed, in part, on *Younger* abstention grounds. *See Serna*, WL 1715014, at *6; *Serna*, 2024 WL 1714997, at *5–6. "Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious." *Russell v. Fin. Cap. Companies*, No. 08-cv-01182, 2008 WL 4533903, at *1 (D. Colo. Oct. 6, 2008) (citations omitted); *see also Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (dismissing pro se complaint as frivolous and malicious).

II.   Immunity

Even if the State court proceedings conclude, Plaintiffs' claims for monetary relief fail because Defendants Turner, Judge Holmes, and Judge Bentley are immune from suit. Defendant Turner is entitled to absolute immunity, Defendant-Judges Holmes and Bentley are entitled to judicial immunity, and Defendants Turner and Judge Bentley are entitled to sovereign immunity under the Eleventh Amendment.

Defendant Turner is immune from suit because she was a State official "participating in the judicial process." *See Benavidez v. Howard*, 931 F.3d 1225, 1230 (10th Cir. 2019). "Functions that serve as an integral part of the judicial process or

7

that are intimately associated with the judicial process are absolutely immune from civil suits." *Id.* (citations omitted) (cleaned up). And indeed, that immunity extends to "government attorneys charged with violating § 1983" when the government attorney acts "in preparation for judicial proceedings and which occur in the course of his or her role as an advocate for the government." *Id.* at 1231 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Here, Plaintiffs' claims against Defendant Turner are based on Defendant Turner's actions taken as the City of Colorado Springs' legal representative in the Colorado condemnation action. *See* ECF 1, PgID 6–8. Plaintiffs specifically alleged that Defendant Turner introduced "irrelevant and prejudicial closing argument." *Id.* at 7. Because Defendant Turner was acting within the scope of her duties as a City attorney when she pursued the eminent domain proceedings against Plaintiffs, she is immune from Plaintiffs' § 1983 claims against her.

Similarly, Defendant-Judges Bentley and Holmes are immune from suit for money damages and injunctive relief. *Stein v. Disciplinary Bd. Of Sup. Ct. of NM*, 520 F.3d 1183, 1189–90; 1195 (10th Cir. 2008) (affirming dismissal of claims against a judge under § 1983 based on absolute judicial immunity); *Flanders v. Snyder Bromly*, No. 09-cv-01623, 2010 WL 2650025, at *6 (D. Co. April 9, 2010) (explaining that the Federal Courts Improvement Act bars injunctive relief in any § 1983 action against a judicial officer for acts taken in the judge's official capacity). Judicial immunity applies to all "function[s] normally performed by a judge." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Here, Plaintiffs sued Judge Bentley, a State court judge, for an

8

injunction ordering that he review jurisdiction over the State matter. *See* ECF 1, PgID 8. Because Judge Bentley was exercising his judicial authority in adjudicating the condemnation action and determining his court's jurisdiction, he is entitled to judicial immunity. Additionally, Plaintiffs alleged that Judge Holmes failed to ensure that local rules were consistent with binding law and sought injunctive relief to order Judge Holmes to review the local rules twice per year. *See id.* at 3–4. Judge Holmes is also immune from injunctive relief because his review of the local rules was an exercise of his judicial duties. Because Defendant-Judges Bentley and Holmes acted in their judicial capacities and within their jurisdiction, they are entitled to judicial immunity for Plaintiffs' claims for injunctive relief. *Stein*, 520 F.3d 1183, 1195 (stating that the only two exceptions to judicial immunity are (1) when the act was not taken in a judicial capacity and (2) when the act, though judicial in nature, was taken in the complete absence of all jurisdiction).

Moreover, Plaintiffs may not proceed against Defendants Turner or Judge Bentley on any claims for money damages because the State and its officers are immune from suit under the Eleventh Amendment. *See Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (sovereign immunity "is a jurisdictional bar that precludes unconsented suits in federal court against a [S]tate and arms of the [S]tate"); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) ("a suit against a [S]tate official in his or her official capacity [is] no different from a suit against the State itself"). As discussed,

Defendants Turner and Judge Bentley are State officials who were sued in their official capacities. Sovereign immunity therefore extends to them.

In sum, the Court will dismiss Plaintiff's claims for monetary and injunctive relief against Defendants Turner, Judge Bentley, and Judge Holmes because they are immune from suit.

### III.     Declaratory Relief is Unavailable.

Although Judge Bentley is not entitled to judicial immunity for Plaintiffs' request for declaratory relief, the equitable relief sought is not appropriate. *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) ("The only type of relief available to a plaintiff who sues a judge is declaratory relief."). Plaintiffs sued Defendant Judge Bentley for declaratory relief that he "lacks impartiality in the Colorado State condemnation action." ECF 1, PgID 8. Declaratory relief "is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence*, 271 F. App'x at 766. Here, Plaintiffs seek a declaration pertaining to Judge Bentley's attitude during the Colorado condemnation action. But Judge Bentley is no longer presiding over the action because he issued judgment and Plaintiffs appealed to the Colorado Court of Appeals. Declaratory relief would not define any relationship or rights between Plaintiffs and Judge Bentley. It would serve no purpose whatsoever. *See id.* at 766

(holding under similar circumstances that declaratory relief between plaintiffs and a State trial court judge "would serve no purpose here and thus, is not available").

The Court will also dismiss the claim for declaratory relief against Defendant Turner. Plaintiffs requested a declaration that Defendant Turner violated professional responsibility obligations. ECF 1, PgID 9. But "The Eleventh Amendment does not permit judgments against [S]tate officers declaring that they violated federal law in the past." *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995). Even if it were valid, declaratory relief in this context would serve no purpose, other than to declare that Defendant Turner misbehaved in the past with respect to her prosecution of the Colorado condemnation action. And that type of judgment would not serve the forward-looking purpose of declaratory relief. The Court will accordingly dismiss Plaintiffs' claims for declaratory relief against Defendants Judge Bentley and Turner.

IV.   Mootness

Defendant-Judges Holmes and Bentley also argued that the claims for declaratory and injunctive relief against them should be dismissed as moot. ECF 10, 29. A case is moot and fails to satisfy Article III's "case or controversy" requirement "when it is impossible to grant any effectual relief." *Chihuahan Grasslands All. v. Kempthorne*, 545 F. 3d 884, 891 (10th Cir. 2008). Indeed, the injunctions that Plaintiffs requested would serve no purpose because the alleged injuries are unlikely to occur in the future. *See id.* Plaintiffs sought to order Judge Holmes to hold two annual meetings of the Judicial Council to "supervise the local rules that infringe"

11

due process rights under the Federal Rules of Civil Procedure. ECF 1, PgID 3. Plaintiffs seemingly argued that Judge Holmes' failure to hold two annual meetings contributed to Defendant Magistrate Judge Braswell's application of an outdated local practice standard. *See id.* But the practice standard with which Plaintiffs took issue is no longer in use. ECF 29, PgID 13 ("Magistrate Judge Dominguez Braswell updated her practice standards on April 1, 2024 . . . [T]here is no "String Cheese" practice standard for the Judicial Council to abrogate."). The claim for injunctive relief against Judge Holmes is therefore moot. And, as discussed above, the claim for declaratory relief that Judge Bentley is not impartial is moot because Judge Bentley is no longer the presiding judge over Plaintiffs' condemnation action.

V.   URA Claims

Defendants Turner, Judge Holmes, and the FHWA also argued that the Court lacks jurisdiction over Plaintiffs' URA claims because Congress did not provide a private right of action under URA. *See* ECF 14, 29. In Plaintiffs' prior three cases—one in Texas and two in Colorado—the courts dismissed the URA claims for lack of subject matter jurisdiction. *See Serna,* 2022 WL 1558516, at *3; *Serna,* WL 1715014, at *7; *Serna,* 2024 WL 1714997, at *6–7. Plaintiffs' URA claims are now barred by issue preclusion. A party cannot relitigate an issue after the party "suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Resources Ltd. Liability v. U.S. Dept. of Agr.,* 378 F.3d 1132, 1136 (10th Cir. 2004) (citations omitted). Whether URA allows a private right of action—it does not—was fully litigated and

decided against Plaintiffs in all three prior proceedings. The Court will therefore dismiss Plaintiffs' URA claims and again caution Plaintiffs not to relitigate issues previously decided.

## SERVICE

Plaintiffs moved for additional time to cure service defects related to Defendants Judge Holmes and the FHWA. ECF 28. The motion is now moot as it relates to those two Defendants because service was completed and those Defendants moved to dismiss. But there is another service issue to which Plaintiffs alluded in the motion. Defendant Magistrate Judge Braswell was not served. Under the Federal Rule of Civil Procedure 4(m), the Court "must dismiss the action without prejudice" if Plaintiffs fail to serve a defendant within ninety days after the complaint is filed. Plaintiffs filed the instant action on October 3, 2023. ECF 1. Service was due by January 1, 2024. In Plaintiffs' motion for additional time to cure service defects, they mentioned that, in addition to curing service defects for Judge Holmes and the FHWA, Plaintiffs will use the requested additional time "to also ensure we have completed all requirements for service on all federal defendants including Magistrate Judge Dominguez Braswell, should we identify any defects." ECF 28. Plaintiffs did not formally move for an extension of time to serve Judge Braswell. *See id.* Plaintiffs also did not show good cause for why they did not properly serve Judge Braswell nearly six months after the service deadline passed. *See* Fed. R. Civ. P. 4(m). Moreover, service would be futile because—as discussed above—the Court lacks subject matter jurisdiction over the claim for injunctive relief against Judge Braswell.

13

Judge Braswell is entitled to judicial immunity and the claim is moot because Judge Braswell does not utilize the practice standard on which Plaintiffs' claims are based. Because Plaintiff's claims against Judge Braswell are futile, good cause does not exist for an extension of the service deadline. The Court will therefore not extend Plaintiffs' deadline to serve Judge Braswell and will dismiss the claims against her without prejudice under Rule 4(m).

## CONCLUSION

Because the Court dismissed all claims for monetary damages, injunctive relief, and declaratory relief, Plaintiffs have no surviving claims against Defendants Turner, Judge Bentley, Judge Holmes, or the FWHA. And Plaintiffs' failure to serve Defendant Judge Braswell necessitates her dismissal without prejudice. The Court will therefore close the case. The Court will decline Defendant Turner's request for attorneys' fees, ECF 9, but will reiterate that "Plaintiffs' litigation tactics—including the filing of multiple related lawsuits—ha[ve] been costly and burdensome for these public entities." *Serna*, 2024 WL 1715014, *9. Plaintiffs must not abuse judicial resources by filing repetitious lawsuits.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motions to dismiss [9], [10], [29] are **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

14

**IT IS FURTHER ORDERED** that the motion for additional time to serve [28] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that all claims against Defendant Magistrate Judge Braswell are **DISMISSED WIHTOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 8, 2024